Filed 8/21/24  P. v. Delacruz CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN DELACRUZ,<br><br>　　Defendant and Appellant. | B332689<br><br>Los Angeles County<br>Super. Ct. No. SA105384 |

　　APPEAL from an order of the Superior Court of Los Angeles County, Manuel Almada, Judge. Affirmed.

　　Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

　　No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 2023, a jury convicted defendant and appellant Benjamin Delacruz of possession of a firearm by a felon. (Pen Code,[1] § 29800, subd. (a)(1).) The jury acquitted him of misdemeanor driving on a suspended or revoked license. (Veh. Code, § 14601.1, subd. (a).) The trial court sentenced him to an upper term of three years in state prison. Delacruz timely appealed, and we appointed counsel to represent him. On February 23, 2024, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Delacruz did not respond to our letter advising him of his right to file supplemental briefing. Following our review of the record pursuant to *Wende*, we affirm.

## FACTUAL BACKGROUND

George Buhkin of the Hawthorne Police Department was on patrol on October 8, 2021, when he recognized Delacruz driving the car in front of him. Buhkin had come in contact with Delacruz numerous times in the past. Delacruz's car was missing a front license plate, and Buhkin knew Delacruz's license had been suspended, so he decided to conduct a traffic stop. Buhkin made a U-turn to catch up to Delacruz, but Delacruz ignored a red light and turned onto another street.

After Delacruz made the turn, Buhkin saw Delacruz throw an object out of his car, which made a spark when it hit the ground. Buhkin thought the object looked like a gun. Buhkin informed dispatch Delacruz had just thrown a gun out of his

---

[1] All undesignated statutory references are to the Penal Code.

2

window. Delacruz continued driving, failed to stop at a stop sign, then stopped his car about a block away from where he threw the gun.

Another officer, Verron Shimaoka, found the gun in the parking lot where Delacruz had thrown it. The gun was a loaded semi-automatic. It had markings and scrapes on it that were consistent with it hitting the asphalt.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.

3